

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| AHADI ABU-AL MUHAMMAD (also known as ONOFRE TOMMY SERRANO), | ) ) ) | No. ED CV 20-707-VBF (PLA) |
| Petitioner, | ) ) | |
| v. | ) ) | ORDER DISMISSING PETITION WITHOUT PREJUDICE |
| RICK M. HILL, Warden, | ) ) | |
| Respondent. | ) ) ) | |

I.

BACKGROUND

     Ahadi Abu-Al Muhammad ("petitioner") initiated this action on April 7, 2020, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). Petitioner states in the Petition that on October 12, 2018, he was convicted in the Riverside County Superior Court of being a felon in possession of a firearm (Cal. Penal Code § 29800), unlawfully possessing ammunition (Cal. Penal Code § 30305), and resisting arrest (Cal. Penal Code § 148). (ECF No. 1 at 2). He was sentenced to four years in state prison. (Id.). He filed an appeal of his conviction in the California Court of Appeal, case number E071551. (Id.).

     The Petition sets forth the following claims: (1) "the state process [is] ineffective to protect the rights" of petitioner; (2) petitioner was denied his due process right to bear arms for self-

defense; (3) petitioner was subjected to an unreasonable search and seizure; (4) the prosecutor committed misconduct with regard to petitioner's prior conviction; and (5) petitioner's counsel provided ineffective assistance with regard to his prior conviction.  (ECF No. 1 at 5-6).  In the section of the Petition that asks petitioner to state his reasons why any grounds for relief were not previously presented to the California Supreme Court, petitioner wrote in pertinent part: "Exhaustion is futile, the state supreme court has contrary held [sic] to the federal constitution or has contrary state law."  (Id. at 7).

According to the California Courts website, the docket for petitioner's appeal in Case No. E071551 shows that oral argument took place on March 3, 2020, and the case is currently under submission.  (See https://appellatecases.courtinfo.ca.gov).

## II.

## DISCUSSION

### A.   ABSTENTION

Because petitioner's direct appeal is still pending, the Petition is subject to dismissal pursuant to the abstention doctrine announced in Younger v. Harris, 401 U.S. 37, 43-54, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

The Younger case established a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."  King v. County of Los Angeles, 885 F.3d 548, 559 (9th Cir. 2018) (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982)).  Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts.  Middlesex County Ethics Comm., 457 U.S. at 431; Dubinka v. Judges of Superior Ct. of the State of Cal., County of L.A., 23 F.3d 218, 223 (9th Cir. 1994).  The Younger rationale applies throughout appellate proceedings as well, requiring that state appellate review of a conviction be exhausted before federal court intervention is permitted. Huffman v. Pursue, Ltd., 420 U.S. 592, 607-11, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975); Dubinka,

23 F.3d at 223 (stating that even if the trial is complete at the time of the abstention decision, state court proceedings are still considered pending).

Younger abstention is appropriate when the following factors are satisfied:  "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicate[s] important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seek[s] to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."  Arevalo v. Hennessy, 882 F.3d 763, 765 (9th Cir. 2018) (citation and internal quotations omitted).  But "even if Younger abstention is appropriate, federal courts do not invoke it if there is a showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate."  Page v. King, 932 F.3d 898, 902 (9th Cir. 2019) (citations and internal quotations omitted).

All of the Younger criteria are satisfied in this case.  First, petitioner's state court proceedings are ongoing as the California Court of Appeal has not decided his appeal.  It is generally not appropriate for a federal court to intercede at such a time.  See Drury v. Cox, 457 F.2d 764, 764-65 (9th Cir. 1972) ("[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.").  Second, the pending appeal  implicates important state interests, in particular California's interest in the order and integrity of its criminal proceedings.  See Kelly v. Robinson, 479 U.S. 36, 49, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986) ("[T]he States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.").  Third, petitioner has an adequate opportunity to raise his habeas claims in his current appeal as well as through state collateral review.  See Penzoil Co. v. Texaco, Inc., 481 U.S. 1, 15, 107 S.Ct. 1519, 95 L.Ed.2d 1 (1987) (a federal court should assume that state procedures will afford an adequate opportunity for consideration of constitutional claims "in the absence of unambiguous authority to the contrary").  The fourth Younger factor is also satisfied, as granting habeas relief would require the Court to significantly interfere with, or in effect enjoin, petitioner's pending appeal.

1    Once the <u>Younger</u> criteria are met, abstention is required unless there is a showing of bad

2    faith or harassment, or there are extraordinary circumstances where irreparable injury can be

3    shown.  <u>See</u> <u>Page</u>, 932 F.3d at 902.  Because nothing in the Petition suggests that petitioner's

4    case would fall within any exception to <u>Younger</u>, the Court must abstain from considering

5    petitioner's claims while his direct appeal is pending.

6

7    **B.    EXHAUSTION OF AVAILABLE STATE COURT REMEDIES**

8    The Petition is also subject to dismissal for failure to exhaust state court remedies.

9    As a matter of comity, a federal court will not entertain a habeas corpus petition unless the

10   petitioner has exhausted the available state judicial remedies on every ground presented in the

11   petition.  <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).  The

12   habeas statute explicitly provides that a habeas petition brought by a person in state custody

13   "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies

14   available in the courts of the State; or (B)(i) there is an absence of available State corrective

15   process; or (ii) circumstances exist that render such process ineffective to protect the rights of the

16   applicant."  28 U.S.C. § 2254(b)(1).  Moreover, if the exhaustion requirement is to be waived, it

17   must be waived expressly by the state, through counsel.  <u>See</u> 28 U.S.C. § 2254(b)(3).

18   Exhaustion requires that a petitioner's contentions be fairly presented to the state supreme

19   court even if that court's review is discretionary.  <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845-47,

20   119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); <u>James v. Giles</u>, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000).

21   A petitioner must give the state courts "one full opportunity to resolve any constitutional issues by

22   invoking one complete round of the State's established appellate review process" in order to

23   exhaust his claims.  <u>O'Sullivan</u>, 526 U.S. at 845.  A claim has not been fairly presented unless the

24   prisoner has described in the state court proceedings both the operative facts and the federal

25   legal theory on which his claim is based.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66, 115 S.Ct.

26   887, 130 L.Ed.2d 865 (1995); <u>Picard v. Connor</u>, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d

27   438 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830 (9th Cir. 1996); <u>Bland v. California Dep't of</u>

28

4

1    Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek,

2    218 F.3d 1017 (9th Cir. 2000).

3         Petitioner has the burden of demonstrating that exhaustion was completed.  See, e.g.,

4    Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).  As petitioner's appeal is currently pending,

5    and in light of his stated reasons in the Petition explaining why he did not present his grounds for

6    relief to the California Supreme Court, it appears that petitioner has not exhausted *any* of his

7    claims.  Accordingly, dismissal of the Petition for lack of exhaustion is also appropriate.

8

9                                    **III.**

10                         **CERTIFICATE OF APPEALABILITY**

11        A petitioner may not appeal a final order in a federal habeas corpus proceeding without

12   first obtaining a certificate of appealability ("COA").  See 28 U.S.C. § 2253(c); Fed. R. App. P.

13   22(b).  A COA may issue "only if . . . [there is] a substantial showing of the denial of a

14   constitutional right."  28 U.S.C. § 2253(c)(2).  A "substantial showing . . . includes showing that

15   reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

16   been resolved in a different manner or that the issues presented were 'adequate to deserve

17   encouragement to proceed further.'"  Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146

18   L.Ed.2d 542 (2000) (citation omitted); see also Sassounian v. Roe, 230 F.3d 1097, 1101 (9th Cir.

19   2000).  "When the district court denies a habeas petition on procedural grounds without reaching

20   the prisoner's underlying constitutional claim, a COA should issue when . . . jurists of reason

21   would find it debatable whether the petition states a valid claim of the denial of a constitutional

22   right and that jurists of reason would find it debatable whether the district court was correct in its

23   procedural ruling."  Id. at 484.

24        Here, reasonable jurists would find that the Court correctly determined that the Petition

25   should be dismissed pursuant to the Younger abstention doctrine and for failure to exhaust.

26   Accordingly, a certificate of appealability is **denied**.

27   /

28

**IV.**

**<u>CONCLUSION</u>**

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** based on the <u>Younger</u> abstention doctrine and petitioner's failure to exhaust.   A certificate of appealability is also denied.

DATED:  June 1, 2020

*Valerie Baker Fairbank*

HONORABLE VALERIE BAKER FAIRBANK
SENIOR UNITED STATES DISTRICT JUDGE